# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

EXECUTIVE CENTER III LLC,

          Plaintiff,

    v.                                          Case No. 10-CV-263

ANDREW MEIERAN, and
ANDREW MEIERAN FAMILY TRUST,

          Defendants.

_____

# ORDER

On June 25, 2010, the plaintiff, Executive Center III LLC ("Executive Center III"), requested that the clerk of the court enter default judgment against Andrew Meieran Family Trust, one of the defendants in the above-captioned case. (Docket #7). Three days later, the clerk complied with the plaintiff's request. However, on June 29, 2010, Attorney Michael P. Dunn submitted a letter informing the court that he had been retained by Andrew Meieran Family Trust and intended to file both an answer to the plaintiff's complaint and a motion to set aside the entry of default by the clerk's office. (Docket #9). True to his word, on July 2, 2010, Attorney Dunn, on behalf of his client, filed a motion to set aside the entry of default. (Docket #11). The plaintiff opted to ignore the defendant's motion and decided to not inform the court of its intentions regarding the defendant's motion. As the time for the plaintiff to respond to the motion has long expired, the court has no choice but to resolve the defendant's motion in its favor and to place this case back on the proper course.

The court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). The court considers whether the moving party has shown: (1) good cause for default; (2) quick action to correct it; and (3) a meritorious defense to plaintiff's complaint. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). The court notes that default judgments are generally disfavored because they are inconsistent with the courts' preference to resolve disputes on the merits. *See Coon v. Grenier,* 867 F.2d 73 (1st Cir. 1989). Moreover, the district court is given great latitude in assessing the circumstances of the case to discern if good cause for setting aside an entry of default exists. *Jones v. Phipps*, 39 F.3d 158, 164 (7th Cir. 1994). Based on the representations in the defendant's brief to support its motion to set aside the entry of default submitted on July 2, 2010, the court can easily conclude that the defendant has demonstrated good cause to set aside the entry of default, as the entry was the result of a simple miscommunication between the defendant and its attorney. (Def.'s Br. 1-3). Moreover, the defendant took quick action to correct the entry of default and has presented several meritorious defenses to the plaintiff's complaint. (Def.'s Br. 4-6). Given the liberal standard for setting aside an entry of default, the lack of prejudice suffered by the plaintiff due to the defendant's brief delay, and the defendant's potentially meritorious defenses to the plaintiff's complaint, the court will grant the defendant's motion. The court will soon issue an initial scheduling order to ensure that this dispute is resolved in an efficient manner.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for default judgment (Docket #7) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendant's motion to set aside the entry of default (Docket #11) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge